# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TAMARA CARROLL**, | ) |
| Plaintiff, | ) Civil Action No.: 2:22-cv-2191 |
| | ) |
| v. | ) District Judge: _____ |
| | ) |
| **DEDICATED COLUMBUS OHIO LLC**, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Dedicated Columbus Ohio LLC (hereinafter "Defendant") hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the grounds that this Court has jurisdiction of the action based upon diversity of citizenship.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 in accordance with 28 U.S.C. 1446(a).  In support of removal to this Court, Defendant states as follows:

### LITIGATION FACTS

1. On April 8, 2022, Plaintiff Tamara Carroll (hereinafter "Plaintiff") filed a Complaint ("Complaint") styled *Tamara Carroll v. Dedicated Columbus Ohio, LLC,* Case No. 22CV-04-2308 in the Common Pleas Court of Franklin County, Ohio. The Complaint is a civil action alleging wrongful termination in violation of public policy, breach of contract, promissory estoppel, and unjust enrichment in violation of Ohio common law.

2. Defendant was served with a copy of the Complaint and Summons on April 18, 2022.

3. Attached hereto, pursuant to 28 U.S.C. § 1446(a), as Exhibit A are copies of the Summons, Notice of Service, Clerk's Original Case Schedule, and the Complaint which are all of

the process, pleadings, and orders served upon Defendant in the action. The Complaint and the Summons were the only documents served upon Defendant setting forth the claims for relief upon which Plaintiff's action is based.

### THE PARTIES ARE COMPLETELY DIVERSE

4. Plaintiff is a resident of Franklin County, Ohio. (*See* Complaint at ¶ 1).

5. Defendant is a foreign limited liability company organized under the laws of the state of Florida. (*See* Declaration of Michelle Landrian attached as Exhibit B, at ¶ 2). Neither Defendant nor any of its members was incorporated in or has its principal place of business in Ohio. (*Id.*) Defendant and its members were formed in Florida with their principal place of business located at 1395 NW 167 Street, Miami Gardens, Florida 33169. (*Id.*) Their officers direct, control and coordinate the company's activities from Miami Gardens, Florida. (*Id.*) Defendant is a citizen of Florida. *See* 28 U.S.C. § 1332; *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

6. Because Plaintiff is a citizen of Ohio, and Defendant is a citizen of Florida, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

### THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

7. The amount in controversy is to be determined based on the Plaintiff's complaint at the time the notice of removal is filed. *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (abrogated on other grounds).

8. When determining the amount-in-controversy for purposes of diversity jurisdiction, both punitive damages and attorney's fees, if pled, are also

included. *See Williamson*, 481 F.3d at 377-78 (attorney's fees); *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005) (attorney's fees and punitive damages).

9. Plaintiff's Complaint seeks compensatory and monetary damages, including lost wages, and other consequential damages "in an amount in excess of $25,000 per claim." (Compl., "Demand for Relief."). Plaintiff's Complaint purports to bring four claims against Defendant: wrongful termination in violation of public policy, breach of contract, promissory estoppel, and unjust enrichment in violation of Ohio common law. (Compl.) This alone totals $100,000 and meets the amount-in-controversy.

10. Additionally, Plaintiff also pled for both punitive damages and attorney's fees. (Compl., "Demand for Relief."). Attorney's fees alone for one year of litigation, even assuming no appeal, likely will exceed $75,000. She is also seeking punitive damages "in an amount in excess of $25,000." (*Id.*)

11. Moreover, Plaintiff earned $17.72/hour or approximately $36,871.38/year at the time of her termination. (Landrian Decl., at ¶ 3.) Depending on when this case is scheduled for trial (*e.g.*, if a trial takes place on or after May 2024 (24 months from now)), solely her lost wages, without even considering other compensatory damages, could exceed $75,000.

12. Accordingly, Plaintiff's Complaint seeks substantial damages from Defendant, including a permanent injunction; compensatory damages including physical injury and sickness, lost wages, and emotional distress; punitive damages; and attorney's fees and costs. (Compl., "Demand for Relief.") Upon considering all of Plaintiff's alleged damages, if she were to be successful at trial, Plaintiff would likely recover in excess of $75,000.00. *See, e.g., Harris v. Burger King Corp.*, No. 3-11-CV-708, 2012 U.S. Dist. LEXIS 45263 (W.D.Ky. March 29, 2012) (amount in controversy requirement fulfilled for purposes of diversity jurisdiction, despite the fact

that the plaintiff's back pay damages were negligible, where the plaintiff also requested other types of damages, including emotional distress damages, punitive damages, and attorneys' fees). Therefore, based on the remedies sought in the Complaint, Plaintiff's requested monetary damages are in excess of the jurisdictional amount required to file a claim in this Court.

13. While Defendant specifically denies the Plaintiff's claims and entitlement to any of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's claim for damages exceed $75,000 exclusive of interest.

## REMOVAL

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

15. The Franklin County Court of Common Pleas is located within this District. Venue is thus appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

16. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

17. Contemporaneously with this filing, Defendant also files a Notice of Filing Notice of Removal with the Franklin Court of Common Pleas, as required by 28 U.S.C. §1446(d). A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C. Promptly upon this filing, Defendant is giving written notice of the removal of this action to Plaintiff by serving him as further required by 28 U.S.C. § 1446(d).

18. There are no other defendants named in this action.

WHEREFORE, for these reasons, Defendant Dedicated Columbus Ohio LLC respectfully requests that the above-entitled action now pending in the Common Pleas Court of Franklin County, Ohio, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court

accept jurisdiction over this action, and that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this Court.

        Respectfully submitted,

        */s/ Caroline M. DiMauro*
        Caroline M. DiMauro (0071045)
        JACKSON LEWIS P.C.
        PNC Center, 26th Floor
        201 E. Fifth Street
        Cincinnati, OH 45202
        Telephone: (513) 898-0050
        Facsimile: (513) 898-0051
        Email: Caroline.DiMauro@jacksonlewis.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2022, a true and accurate copy of the foregoing Notice of Removal was filed with the United States District Court for the Southern District of Ohio via the Court's CM/ECF system, which will send electronic notification of such filing to the following:

    Trisha M. Breedlove (0095852)
    Gregory T. Shumaker (0095552)
    Spitz, The Employee's Law Firm
    1103 Schrock Road, Suite 307
    Columbus, Ohio 43229
    Phone: (614) 683-7331
    Fax: (216) 291-5744
    Email: trisha.breedlove@spitzlawfirm.com
           greg.shumaker@spitzlawfirm.com

    *Attorneys for Plaintiff*

        */s/ Caroline M. DiMauro*
        Caroline M. DiMauro

4881-7716-5600, v. 1